# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.D., B.D., and S.D.

No. 16-0112 (Kanawha County 15-JA-43, 15-JA-44, and 15-JA-45)

## MEMORANDUM DECISION

Petitioner Father J.D., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's January 5, 2016, order terminating his parental rights to eleven-year-old J.D., six-year-old B.D., and eight-year-old S.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Bryan B. Escue, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to grant him a post-adjudicatory or dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition against petitioner and the children's mothers. In that petition, the DHHR alleged that the children were physically beaten by the parents; that J.D. had hand-shaped bruises on his body; and that the parents failed to provide the children with necessary shelter, clothing, supervision, and housing.

In March of 2015, the circuit court granted the parties' joint motion to continue the preliminary hearing so the parents and children could be evaluated by a psychologist. Petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

later waived his right to a preliminary hearing before the psychologist had prepared his report. Notwithstanding the lack of the psychologist's report at that time, the matter was scheduled for adjudication.

In late July of 2015, Dr. Timothy Saar, a licensed psychologist, prepared petitioner's psychological report. In that report, Dr. Saar's staff noted that petitioner went to Dr. Saar's office as directed, but he refused to complete the initial assessment. As noted in the report, petitioner withdrew from the initial assessment, "went into the waiting room of [Dr. Saar's] practice, turned out the lights, and slept on the office chairs." However, petitioner later agreed to a formal interview at which time he reportedly threatened to kill the circuit court judge overseeing his case.[3] Due to this threat, the case was transferred to a different circuit court judge, and it appears that petitioner was arrested and incarcerated on charges related to threatening a public official. Dr. Saar's report recommended that petitioner have no contact with his children and that they not be placed in his care.

In August of 2015, the circuit court held an adjudicatory hearing. The DHHR presented the testimony of a Child Protective Services ("CPS") worker and a psychologist from Dr. Saar's office. Petitioner testified and denied the allegations of abuse. Based on their testimony and Dr. Saar's report, the circuit court found that petitioner "admitted to beating his son. He has further stated that he would continue to do so, and that no one could stop him." For those reasons, the circuit court adjudicated petitioner as an abusing parent.

In December of 2015, the circuit court held a dispositional hearing. At that hearing, a DHHR worker recommended termination of petitioner's parental rights. In support of that recommendation, the DHHR worker noted petitioner's "very bad problems with anger"; his failure to fully comply with the psychological evaluation as directed; his threats to the circuit court judge; his psychological report that recommended no contact with his children; and his incarceration at the time of the dispositional hearing. Petitioner presented the testimony of a service provider for the DHHR, who testified that petitioner was not fully compliant with his parenting and adult life skills classes from April until May of 2015. However, the service provider stated that he was compliant with his weekly classes from May 7, 2015, until he was incarcerated in June of 2015. Following evidence and argument from the parties, the circuit court found that there was no less-drastic alternative to termination of petitioner's parental rights to the children; there was no reasonable likelihood that petitioner would substantially correct the conditions of abuse in the near future; and that termination was in the children's best interests. Given those findings, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

---

[3]The interviewer in Dr. Saar's office asked petitioner what he would do if the circuit court judge adjudicated him and terminated his parental rights to the children. The interviewer quoted petitioner's response as "I'll kill [the judge]. They'll have to put me on death row. I'd make sure that every day when she looked in the mirror, she'd see why she shouldn't have taken my kids."

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in failing to grant him a post-adjudicatory or dispositional improvement period. West Virginia Code § 49-4-610(2) and (3) allow circuit courts to grant post-adjudicatory and/or dispositional improvement periods when a parent moves in writing for the same. Petitioner fails to cite any portion of the record on appeal containing a written motion for an improvement period. Therefore, based on the record before this Court, petitioner failed to satisfy the statutory requirements to be granted an improvement period.

Further, pursuant to West Virginia Code § 49-4-610(2) and (3), a parent must demonstrate, "by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" It is clear from the record on appeal that petitioner did not satisfy his burden. While petitioner demonstrated minimal compliance with weekly parenting and adult life skills classes for the months of May and June of 2015, the record is replete with evidence that he had "very bad problems with anger"; failed to acknowledge the conditions of abuse or neglect; failed to comply with the circuit court's directives, including his notable failure to comply with the psychological evaluation; and similar concerns that continued throughout the underlying proceedings. This Court has previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem unbeatable

3

and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M*., 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (*quoting In re: Charity H*., 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Based on the circumstances of this case, it is clear that the circuit court did not abuse it discretion in denying petitioner a post-adjudicatory or a dispositional improvement period.

For the foregoing reasons, we find no error in the circuit court's January 5, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 21, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II